UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-67 (PJS)

_____

United States of America,

            Plaintiff,

v.

Joseph Van Huebl,

            Defendant.

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

_____

Defendant Joseph Van Huebl, by and through his attorney Andrew S. Birrell, respectfully submits his position with respect to sentencing factors, pursuant to District of Minnesota Local Rule 83.10(e).  The issues in dispute are the following:

1.      Whether the sentencing guideline calculations set forth by the parties in the plea agreement are correct.

2.      Whether this Court should grant a downward variance, and sentence Mr. Van Huebl to a probationary sentence.  (Mr. Van Huebl is filing a motion for a variance.)

Mr. Van Huebl does not request an evidentiary hearing pursuant to Local Rule 83.10(f), but will make arguments based upon the record at the time of sentencing.  Mr. Van Huebl also submits the following argument in support of his request.

## I.  GUIDELINE CALCULATION

The parties agreed that Mr. Van Huebl's base offense level is 6, and that a 12-level increase should be applied pursuant to 2B1.1(b)(1)(G), because the loss amount was between $200,000 and $400,000.  This would give Mr. Van Huebl a base level offense of 18.  With a 3-level reduction for his acceptance of responsibility, Mr. Van Huebl's total offense level would be

15.  Based on this total offense level and a criminal history category of I, the guideline range for imprisonment would be 18-24 months.  Mr. Van Huebl objects to the loss amount calculation in the presentence report, which is based upon a higher loss amount than was agreed upon by the parties.  The presentence report based its loss finding on the bank's assessment of the current market value of the property, and thereby recommended that Mr. Van Huebl's base level offense be increased by 14 levels because the loss would then be over $400,000.  Based upon this inflated loss amount, and the 14-level increase, the presentence report found Mr. Van Huebl's total offense level to be 17, and the guideline range for imprisonment to be 24-30 months.  Mr. Van Huebl objects to the calculation in the presentence report, as does the Government, and respectfully requests this Court adopt the calculations agreed upon by the parties in the plea agreement.

Similarly, the parties agreed upon a fine in the range of $4,000 to $40,000, based upon the loss calculation set forth above.  Mr. Van Huebl objects to the fine range set forth in the presentence report (determined to be $5,000 to $50,000), based again upon the inflated loss amount.  Mr. Van Huebl respectfully requests this Court adopt the fine range contemplated by the parties pursuant to the plea agreement.

Finally, Mr. Van Huebl respectfully objects to the restitution amount set forth in the presentence report.

## II.  DEFENDANT'S MOTION FOR A VARIANCE

The Defendant in this matter moves the Court for a variance.  The United States Supreme Court determined in *United States v. Booker*, 543 U.S. 220 (2005), the Federal Sentencing Act was "advisory," requiring a sentencing court to consider Guidelines ranges, but permitting the court to tailor a sentence in light of other factors. *Id.* at 245.  A sentencing court must impose

reasonable sentences that are "sufficient, but not greater than necessary" to comply with the purposes set forth in U.S.S.G. §3553(a)(2). *Kimbrough v. United States*, 552 U.S. ---, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

The United States Supreme Court has recognized the sentencing judge has greater familiarity with the individual case and the individual defendant before him than the sentencing commission. *Rita v. United States*, 551 U.S. ---, 127 S.Ct. 2456, 2469 (2007). He is, therefore, in a "superior position to find facts and judge their import under §3553(a)" in each particular case. *Gall v. United States*, 552 U.S. ---, 128 S.Ct. 586, 597-98 (2007).

The sentencing court must first calculate the applicable guidelines range, then must give the defendant and government the opportunity to argue for the sentence each deems appropriate. *Gall*, 552 U.S. at ---, 128 S.Ct. at 596; *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005), rehearing and rehearing *en ba*nc denied May 26, 2005. The sentencing court then considers all of the §3553(a) factors to determine whether they support the sentence requested by a party. *Id.  See also United States v. Zeigler*, 463 F.3d 814, 817 (8th Cir. 2006). In this consideration, the sentencing court "may not presume that the Guidelines range is reasonable [but] must make an individualized assessment based on the facts presented." *Gall*, at 596-97.

Pursuant to 18 U.S.C. § 3553(a), the court must consider the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court must also consider policy statements set forth in the Guidelines, as well as the need to avoid unwarranted sentencing

disparities among defendants who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(5)&(6).

The Supreme Court in *Booker* "reminded judges and the public that true uniformity exists not in a one-size-fits-all scheme, but in 'similar relationships between sentence and real conduct." *United States v. Myers*, 353 F.Supp.2d 1026, 1030 (S.D. Iowa 2005) (citation omitted).  Furthermore, a reasonable sentence is one that is not greater than necessary to comply with sentencing purposes.  18 U.S.C. § 3553(a).

Mr. Van Huebl respectfully requests this Court grant him a variance, and impose a probationary sentence.  Mr. Van Huebl stands convicted of one count of Conspiracy to Commit Mortgage Fraud.  Mr. Van Huebl takes responsibility for his conduct.  His criminal history is minimal, and consists almost entirely of traffic offenses.  While the presentence report alleges a warrant was issued for Mr. Van Huebl when he missed a court appearance in Hennepin County stemming from a No Proof of Insurance charge, Mr. Van Huebl objects to this allegation.  A check with the Hennepin County warrant office revealed no warrant for him.  Mr. Van Huebl is the father of a small child, for whom he is ordered to pay monthly child support.  He is also assisting his girlfriend with her company, and intends to make $5,000 per month at her company as it becomes operational.  This opportunity would give Mr. Van Huebl the opportunity to make significant contributions to restitution owed.

A probationary sentence would also address the seriousness of the offense, and would provide just punishment and deterrence.  As the Supreme Court recognized in *Gall*, a defendant sentenced to probation is not escaping unpunished.  *Gall*, 128 S.Ct. at 595-96.  Probation places substantial restrictions on a defendant's liberty:

> Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their

4

probation officer or the court.  They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. U.S.S.G. §5B1.3.  Most probationers are also subject to individual "special conditions" imposed by the court.

*Id.* (rejecting the circuit court's characterization of probation as a 100% departure from any sentence of incarceration).

A probationary term in this case would be sufficient but not greater than necessary to reflect the seriousness of this Defendant's conduct.  Probationary supervision would afford adequate protection for the public and afford sufficient deterrence, while allowing Mr. Van Huebl to work and make substantial contributions toward restitution.  Because of his history and characteristics, and because a probationary sentence meets the objectives set forth in §3553(a), Mr. Van Huebl respectfully requests this Court grant him a variance, and impose a probationary sentence.

The Government has said it will make a motion pursuant to §5K1.1, and Mr. Van Huebl will address the issues raised by that motion separately.

**III.  CONCLUSION**

Mr. Van Huebl respectfully requests this Court adopt the guideline calculations contemplated by the parties in the plea agreement.  Mr. Van Huebl also respectfully requests this Court grant him a variance and impose a sentence of probation.

Dated:  February 24, 2009                    Respectfully submitted,

By:____s/ Andrew S. Birrell_____
Andrew S. Birrell (#133760)
Birrell & Newmark, Ltd.
333 South Seventh Street, Suite 3020
Minneapolis, MN 55402
(612) 871-7000