AO 245B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
### District of Minnesota

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: **08-CR-67 (PJS)** |
| **Joseph Van Huebl** | USM Number: 13846-041 |
| | Social Security Number: XXX-XX-6369 |
| | Date of Birth: 1980 |
| | |
| | **Andrew Birrell** |
| | Defendant's Attorney |

**THE DEFENDANT:**

[**X**]  pleaded guilty to count(s): **1**.
[]  pleaded nolo contendere to counts(s) which was accepted by the court .
[]  was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy - Mortgage Fraud | March 2007 | 1 |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[]  The defendant has been found not guilty on counts(s) .
[]  Count(s)  (is)(are) dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

|  | **August 26, 2009** |
|---|---|
|  | Date of Imposition of Judgment |
|  | s/Patrick J. Schiltz |
|  | Signature of Judge |
|  | **PATRICK J. SCHILTZ**, United States District Judge |
|  | Name & Title of Judge |
|  | **August 26, 2009** |
|  | Date |

AO 245B (Rev. 06/05) Sheet 2 - Imprisonment

DEFENDANT: JOSEPH VAN HUEBL
CASE NUMBER: 08-CR-67 (PJS)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 days**.

[**X**]  The court makes the following recommendations to the Bureau of Prisons:
**That the defendant be designated to a facility in Minnesota.**

[]  The defendant is remanded to the custody of the United States Marshal.

[**X**]  The defendant shall surrender to the United States Marshal for this district.
[**X**]  at **Minneapolis, MN** on **September 30, 2009 by 10 a.m.**
[] as notified by the United States Marshal.

[]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before  on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

United States Marshal

By _____
Deputy United States Marshal

Page 2

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

DEFENDANT: JOSEPH VAN HUEBL
CASE NUMBER: 08-CR-67 (PJS)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[**X**]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[**X**]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[**X**]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05)  Sheet 3A - Supervised Release

DEFENDANT:          JOSEPH VAN HUEBL
CASE NUMBER:        08-CR-67 (PJS)

# SPECIAL CONDITIONS OF SUPERVISION

a   Within 72 hours of the defendant's release from the custody of the Bureau of Prisons, he must report to the probation office in the district where he is released.

b   The defendant must not commit another federal, state, or local crime.

c   The defendant must comply with the standard conditions of supervised release recommended by the Sentencing Commission.

d   The defendant must refrain from possessing a firearm, destructive device, or other dangerous weapon.

e   The defendant must not unlawfully use or unlawfully possess any controlled substance.

f   The defendant is excused from mandatory drug testing because he presents a low risk of future substance abuse.  18 U.S.C. §§ 3563(a) and 3583(d).

g   The defendant must cooperate in the collection of DNA as approved by the probation officer and mandated by 18 U.S.C.  §§ 3563(a) and 3583(d).

h   The defendant must perform 200 hours of community service, as approved by the probation officer.

i   After the amount of restitution has been determined and set forth in an amended judgment, the defendant will be required to begin making payments toward his restitution obligation within 60 days.  The defendant's payments will be due in accordance with a payment plan to be established by the Court based on an assessment of the defendant's ability to pay at that time.

j   The defendant must provide the probation officer access to any requested financial information, including credit reports, credit-card bills, bank statements, investment-account statements, property records, and utility bills.

k   The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in his financial circumstances that might affect his ability to pay restitution.

l   The defendant must not incur new credit charges or open additional lines of credit without approval of the probation officer.

m   If the defendant does not maintain full-time, lawful employment as deemed appropriate by the probation officer, the defendant may be required to do community-service work -- that is, community-service work over and above the 200 hours to which he has been sentenced -- for up to 20 hours per week until he becomes employed.  The defendant may also be required to participate in training, counseling, or daily job searching as directed by the probation officer.

n   The defendant must not hold employment with fiduciary responsibility without prior approval of the probation officer.

o   The defendant must make child-support payments in accordance with his obligations under state law.  The defendant must pay no less than $100 per month toward those obligations.

The probation office is directed to furnish to the defendant a written statement of all of the conditions of his supervised release.

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

DEFENDANT: JOSEPH VAN HUEBL
CASE NUMBER: 08-CR-67 (PJS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $0 | To be determined |

[**X**] The determination of restitution is deferred to a later date. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS: | $0.00 | $0.00 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[ ] Restitution amount ordered pursuant to plea agreement **$**.

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] the interest requirement is waived for the [] fine [] restitution.

   [ ] the interest requirement for the: [] fine  [] restitution is modified as follows:

 ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996

Page 5

AO 245B (Rev. 06/05)  Sheet 6 - Schedule of Payments

DEFENDANT:         JOSEPH VAN HUEBL
CASE NUMBER:   08-CR-67 (PJS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   []   Lump sum payment of **$** due immediately, balance due

   [] not later than , or
   [] in accordance [] C, [] D, [] E, or  [] F below; or

B   []   Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C   []   Payment in equal   (e.g., weekly, monthly, quarterly)  installments of **$** over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days) after the date of this judgment; or

D   []   Payment in equal   (e.g., weekly, monthly, quarterly)  installments of **$** over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days ) after the release from imprisonment to a term of supervision; or

E   []   Payment during the term of supervised release will commence within  (e.g. 30 or 60 days ) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   []   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


[]   Joint and Several
   Defendant and Co-Defendant Names and  Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:



[]   The defendant shall pay the cost of prosecution.


[]   The defendant shall pay the following court cost(s):


[]   The defendant shall forfeit the defendant's interest in the following property to the United States:



Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.